Peck, J.
Both in his brief and in his oral argument on the merits, the defendant stressed his claim that the Court of Appeals érred in affirming the judgment of the trial court in modifying its original order by increasing the amount of monthly support required to be paid by him and in requiring that he pay certain medical charges. Such affirmance was the basis of the defendant’s cross-motion to certify, and the overruling of that motion removed those points from consideration by this court. The fact that the case was heard on its merits pursuant to the allowance of the motion *to certify does not alter this fact, and the points complained of were as effectively removed from our consideration as though they had been the subject of the motion only to certify which had been overruled. Where a cause is before this court pursuant to the allowance of a motion to certify, issues presented under a cross-motion to certify which was overruled are not before us for consideration.
*509 The real issue presented by this appeal, and the only one remaining following the overruling of the defendant’s cross-motion to certify, concerns the power' of the trial court to require the defendant to pay part of the cost of a college education for the minor children. This court has frequently in the past considered this problem more or less obliquely, but this is the first case in which the question has been squarely presented in the absence of complicating factors.
The most recent case in which consideration was given to this point is Robrock v. Robrock, 167 Ohio St., 479, 150 N. E. (2d), 421. That case is similar in many respects to the present one, and, incidentally, it is interesting to note that in each case the separation agreement entered into between the parties and incorporated in the decree of divorce required the maintenance of insurance on the husband’s life and that such an obligation, there found to be binding, was an issue in the Robrock case but is not involved here. However, the Robrock decision sets no precedent for our principal problem, because there the incorporated separation agreement required the husband to provide a college education for the children. Such is not the situation here, the agreement being entirely silent on this subject.
Before passing to a consideration of the point of particular concern, we might observe that there is no doubt here as to the jurisdiction of the trial court in the premises. All parties were properly before the court, and, although the plaintiff has since remarried and removed herself and the children from the state, this move was accomplished with the acquiescence of the trial court and the defendant, and its jurisdiction remained undisturbed. We might further observe at this time that we are not concerned with college provisions for the children after the age of 21, a factor which has complicated some other cases, since the agreement here specifically concerns only minor children. (The fact that such provision extended past the children’s 21st birthdays was the basis of Judge Zimmerman’s dissent in the Robrock case, supra.)
We are here specifically refraining from discussing the educational backgrounds of these parents, their personal economic circumstances, and their individual situations generally, because such discussion might be misconstrued as an indication that those factors were compelling in our deliberation and *510 should be taken as criteria in future cases. The fact is, however, that an abundantly full factual presentation was made in the trial court, and the record further shows that the parties were ably represented. Thus, the trial judge was assisted by counsel by having presented to him the legal authorities bearing upon his discretionary power to make the disputed determination and, more importantly, had before him all the facts necessary to make that determination. There is thus presented to' us squarely only the question of the trial court’s discretionary power, and it is our conclusion that it was not abuse of discretion as a matter of law for the trial court, which had jurisdiction of the parties, to order payment by the father of these minor children electing to matriculate in an accredited college.
Our conclusion in this regard being based only on the determination that the trial court possesses the discretionary power to decide whether under given circumstances a certain parent may be required to provide or contribute to a college education for his child, it becomes unnecessary for us to consider the propriety of judicially noticing whether the passing years have increased the necessity for, or the desirability of, higher education. It is, however, interesting to note that the defendant opened the argument of his brief in this court with the following sentence: “The defendant is of the opinion that this court should recognize the .fact that today a college education is as necessary a preparation for adult life as a common school education was in 1900 or a high school education was in 1920.” This conclusion is rather exhaustively discussed in Calogeras v. Calogeras, 10 Ohio Op. (2d), 441 (Juvenile Court, Cuyahoga County), but because, as indicated above, our decision is not bottomed upon changed national or world educational conditions, we make no inquiry into that area.
In accordance with the foregoing, we are of the opinion that the judgment of the Court of Appeals should be, and it is hereby, affirmed in part and reversed in part.

Judgment affirmed in part and reversed in part.

Weygandt, C. J., Taft, Matthias,. Bell and Herbert, JJ., concur.
Zimmerman, J., concurs in paragraph one of the syllabus.